IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


INTERNATIONAL ASSOCIATION                    CV 08-CV-1327-AC
OF MACHINISTS AND AEROSPACE
WORKERS, DISTRICT LODGE # 24,                ORDER
LOCAL 105,

            Plaintiff

    v.

FREIGHTLINER, LLC/DAIMLER
TRUCKS NORTH AMERICA LLC,


            Defendant.

MARSH, Judge:

    This matter is before the court on plaintiff's Objections to

Magistrate Judge Acosta's Findings and Recommendation (#27), in

which he remanded the case to an arbitrator for further


1 - ORDER

proceedings.  I **ADOPT** Judge Acosta's Findings and Recommendation.

In addition, plaintiff has filed a Motion (#26) to hold this case in abeyance pending a decision by the arbitrator on remand assuming this court adopts the Findings and Recommendation.  I **DENY** this motion.

1. **Objections to Findings and Recommendation.**

On August 5, 2009, Magistrate Judge Acosta issued a Findings and Recommendation that plaintiff's Motion for Summary Judgment (#12) should be denied, and Defendant's cross-motion for summary judgment (#14) should be granted.  Judge Acosta recommended the matter be remanded to the arbitrator for further proceedings.

Plaintiff has filed timely objections and the matter is now before me pursuant to 28 U.S.C.§ 636(b)(1)(B) and Fed. R. Civ. P. 72(b) on de novo review.  See 28 U.S.C. § 636(b)(1)(C); Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1415 (9th Cir. 1991).

This case arises from an arbitrator's award made pursuant to the parties' collective bargaining agreement by which the arbitrator ordered reinstatement of a member of plaintiff's union after he was terminated for violating defendant's policy prohibiting sexual harassment in the workplace.

Plaintiff seeks to enforce the arbitrator's award and an award of attorneys fees because defendant's position in this case is frivolous.  Defendant seeks to vacate the award because the arbitrator's decision did not draw its essence from the CBA.

2 - ORDER

Magistrate Judge Acosta agreed with defendant.  He found the arbitrator's award did not draw its essence from the CBA because the arbitrator "without authority drawn from the CBA, reevaluated and effectively nullified [a] prior disciplinary action between the parties" by failing to take into account a prior disciplinary action against the union member, thereby finding he was not a repeat offender.

The Magistrate Judge remanded the matter to the arbitrator to determine whether, in considering the prior disciplinary action, just cause existed for defendant to terminate the union member's employment.

Following a careful review of the record, I find no error in his Findings and Recommendation (doc. 22), and I adopt them as my own.

## 2.  **Motion (#26) to Hold Case in Abeyance**

The apparent purpose of this motion is to obviate the need for either of the parties to file a new action if this court orders a remand for the arbitrator to conduct further proceedings, and if, on remand, either party seeks review of the arbitrator's decision in this court.  I **DENY** this motion because it presumes that one party or the other will challenge the arbitrator's decision on remand.

3 - ORDER

**CONCLUSION**

Accordingly, I **ADOPT** Magistrate Judge Acosta's Findings and Recommendation as my own, **DENY** plaintiff's Motion for Summary Judgment (#12), and **GRANT** Defendant's cross-motion for summary judgment (#14). I **DENY** plaintiff's Motion (#26) to hold this case in abeyance pending a decision by the arbitrator on remand. This case is **REMANDED** to the arbitrator for further proceedings consistent with this Order.

IT IS SO ORDERED.

DATED this __16__ day of September, 2009.

/s/  Malcolm F. Marsh
Malcolm F. Marsh
Senior United States District Judge

4 - ORDER